ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JOEL HERNÁNDEZ SANTOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00152 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PP9325<br><br>Sobre: Remedio Administrativo |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2025.

En esta ocasión debemos **desestimar** el presente recurso de revisión por falta de jurisdicción al tornarse académico. Veamos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes a este recurso de revisión judicial.

El Sr. Joel Hernández Santos ("señor Hernández Santos" o "recurrente") se encuentra bajo la custodia legal del Departamento de Corrección y Rehabilitación ("DCR") en el Complejo Correccional de Ponce.

Ponchada el **9 de abril de 2025**, el señor Hernández Santos presentó una *Solicitud de Remedios Administrativos* ante la *División de Remedios Administrativos* del Departamento de Corrección y Rehabilitación ("DRA-DCR"), la cual fue codificada con el número *PP-93-25*.[1] El recurrente adujo que en **febrero de 2024** fue la última vez que fue atendido en la clínica dental, a pesar de que se le había

---

[1] *Véase*, Apéndice Núm. 3 de la Entrada Núm. 1 del *TA2025RA00152*, a la pág. 3.

indicado que le realizarían los arreglos dentales. Sin embargo, solo se le había realizado una limpieza dental.

Con fecha del **17 de abril de 2025**,[2] la Sra. Maritza Valentín Lugo ("Evaluadora") emitió una *RESPUESTA DEL ÁREA CONCERNIDA/SUPERINTENDENTE*,[3] en la cual le respondió:

> Respondo a su solicitud de remedio administrativo indicándole que usted será citado a la clínica dental próximamente. Favor de discutir minuciosamente lo que usted plantea con el dentista el día de su cita para la búsqueda de alternativas. De tener alguna necesidad clínica favor de solicitar el *sick call* o la sala de emergencia según la urgencia.[4]

Ponchada el **12 de junio de 2025**, el señor Hernández Santos presentó una *SOLICITUD DE RECONSIDERACIÓN*.[5]

No obstante, el **27 de junio de 2025**, la DRA-DRC emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*, en la que denegó la reconsideración sometida.[6] En lo pertinente, le respondió:

> En consulta con la Dra. Annette García Meléndez, Gerente OPD del Complejo Correccional, informa que el miembro de la población correccional asistió a la cita programada en la clínica dental el 24 de junio de 2025 para recibir tratamiento. De tener alguna necesidad clínica debe solicitar nuevamente un *sick call* o sala de emergencia.[7]

Inconforme, el **5 de agosto de 2025**,[8] el señor Hernández Santos presentó —*por derecho propio y de forma pauperis*— el recurso de revisión judicial que nos ocupa y señaló la comisión de dos (2) errores:

> Erró el DCR en no proveer los servicios de Salud Dental conforme lo establece el Artículo 9 del Plan de Reorganización 2-2011, "Carta de Derechos de la Población Correccional de Puerto Rico", inciso (f).
>
> Erró el DCR al indicar en la respuesta de la Solicitud de Reconsideración que el Sr. Hernández Santos fue atendido y tratado por un Dentista.

El **17 de septiembre de 2025**, la Oficina del Procurador General, compareció en representación del DCR, presentó un

---

[2] Ponchada el **6 de mayo de 2025**.

[3] *Véase*, Apéndice Núm. 3 de la Entrada Núm. 1 del *TA2025RA00152*, a la pág. 1.

[4] *Íd.*

[5] *Véase*, Apéndice Núm. 3 de la Entrada Núm. 1 del *TA2025RA00152*, a la pág. 4.

[6] *Véase*, Apéndice Núm. 2 de la Entrada Núm. 1 del *TA2025RA00152*.

[7] *Íd.*

[8] Radicado el 11 de agosto de 2025.

*ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN*. En síntesis, nos informa que el recurso se tornó académico ante la prestación de servicios dentales al recurrente.

El **7 de octubre de 2025**, el señor Hernández Santos presentó una *Moción Responsiva sobre Solicitud de Desestimación*. En resumen, acepta que recibió los servicios dentales posterior a la presentación de este recurso. No obstante, nos indica que se le requiera al DCR a brindar los servicios dentales de forma regular y no esperar a que el recurrente interponga una solicitud de remedios administrativos ante la DRA-DRC.

**-II-**

Sabido es que los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[9] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[10] En nuestro ordenamiento;

> [s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico.[11]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[12] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en

---

[9] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[10] *IG Builders et al. v. BBVAPR, supra*, pág. 334.
[11] *PNP v. Carrasquillo, supra*, pág. 74.
[12] *Angueira v. JLBP*, 150 DPR 10, 19 (2000).

discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[13]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[14] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[15] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[16]

Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> > (1) que el Tribunal de Apelaciones carece de jurisdicción;
> > (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> > (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> > (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> > **(5) que el recurso se ha convertido en académico.**
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[17]

De conformidad con lo antes señalado, los tribunales

---

[13] *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).

[14] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[15] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[16] *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).

[17] Regla 83 incisos (B) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs.115 – 117, 215 DPR ____ (2025).

tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[18]

**-III-**

El señor Hernández Santos instó el presente recurso ante la falta de servicios dirigidos a su salud dental. No obstante, el DCR nos indica que el recurrente recibió el tratamiento dental en tres (3) citas médicas los días *24 de junio, 7 de agosto y 9 de septiembre de 2025.*[19] En específico, de la certificación anejada por el DCR, la cual fue emitida el **9 de septiembre de 2025** por *Physician Correctional,* reitera lo antes dicho:

> Por la presente certifico que consta documentación reportada en el expediente electrónico del paciente Joel Hernández Santos relacionado con múltiples servicios dentales ofrecidos. El día 24 de junio de 2025 se realizó una limpieza dental en la institución Ponce 500; el 7 de agosto de 2025, el Dr. Amadis Rodríguez restauró las piezas dentales 4, 5, 6, 11 y 12. El 9 de septiembre de 2025 restauró las piezas 28 y 29. Al presente, el paciente tiene pendiente una cita de seguimiento en un mes. [sic].[20]

A todas luces, el asunto ante nuestra consideración se tornó académico. Por lo cual, carecemos de jurisdicción para atenderlo en sus méritos. En consecuencia, procede su desestimación.

**-IV-**

Por los fundamentos antes expuestos, **desestimamos** el presente recurso legal.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] *Moreno v. UPR II,* 178 DPR 969, 974 (2010).
[19] *Véase,* Anejo titulado *Certificación de Physician Correctional* de la Entrada Núm. 5 del *TA2025RA00152.*
[20] *Íd.*